IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ANTHONY ZAPPIN,

        Plaintiff,

v.                                    Case No.: 3:20-cv-00209

SARAH JO HAMILTION;
DEBORAH SCALISE;
SCALISE & HAMILTON LLP;
SCALISE & HAMILTON P.C.;

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommends that the Court dismiss the action for lack of personal jurisdiction over the Defendants. ECF No. 26.

Mr. Zappin raised one objection, arguing that the Magistrate Judge erred when she found that the Defendants' debt collection activity did not constitute minimum contacts sufficient to establish personal jurisdiction. Plaintiff says that the Magistrate Judge "misapprehended Plaintiff's factual allegations" about the extent of the debt collection activity and claims that this activity spanned three years. However, these allegations do not disturb the Magistrate Judge's reasoning even if the Court assumes that they are true. As the Magistrate Judge explained, a plaintiff must show that the cause of action "arises out of" the defendant's conduct directed toward the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). Because the alleged debt

collection here did not give rise to Plaintiff's malpractice claims, the extent of the debt collection is irrelevant.

The facts and case law proffered by Plaintiff illustrate and further support the Magistrate Judge's analysis. Plaintiff emphasizes the fact that the debt collection occurred one and a half years after the representation at issue ceased. This only underscores the finding that these actions did not give rise to the conduct at issue. Moreover, every one of the decisions Plaintiff cites in the objection held that debt collection was sufficient to give rise to personal jurisdiction because the case was brought under the Fair Debt Collection Practices Act.[1] Plaintiff has not made a similar claim here. Therefore, the Court rejects his objection.

Accordingly, the Court **DENIES** Plaintiff's objections (ECF No. 27); **ADOPTS** the findings and recommendations of the Magistrate Judge (ECF No. 26); **GRANTS** Defendants' Motion to Dismiss (ECF No. 15); **DENIES** Plaintiff's Motion for Limited Discovery; **DISMISSES** the Complaint with prejudice; and **REMOVES** the civil action for the docket of the court.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, and any unrepresented parties.

ENTER:   February 5, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff cited the following cases, each of which involved a claim under the Fair Debt Collection Practices Act: *Vlach v. Yaple*, 670 F.Supp.2d 644 (N.D.Ohio 2009); *Maloon v. Schwatz, Zwebeban & Slingbaum, LLP*, 399 F.Supp.3d 1108, 1112-13 (D.Haw. 2005); *Paradise v. Robinson & Hoover*, 883 F.Supp. 521, 525-25 (D. Nev. 1995); *Sluys v. Hand*, 831 F.Supp. 321, 324 (S.D.N.Y 1993); *Russy v. Rankin*, 837 F.Supp. 1103, 1105 (D.N.M. 1993); *Michel v. Am. Capital Enterprises, Inc.*, 884 F.2d 582, 585 (9th Cir. 1989); *Wensauer v. Martorella*, 2008 WL 4131112, at *1 (W.D.Okla. Aug. 29, 2008); *Elwood v. Cobra Collection Agency*, 2006 WL 3694594, at *3 (S.D.Miss. Dec. 14, 2006).